NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3244

HARRY R. WATKINS, JR.,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: November 10, 2005

_____

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Harry R. Watkins, Jr. ("Watkins") appeals from the final judgment of the Merit Systems Protection Board ("Board") affirming the final decision of the Office of Personnel Management ("OPM"). Watkins v. Office of Pers. Mgmt., No. CH-0841-04-0070-I-1 (M.S.P.B. May 3, 2005) ("Final Order"). We affirm.

I

From September 4, 1973 through November 10, 1973, Watkins was employed in a temporary federal position in which no retirement deductions were withheld from his

pay. Watkins was also intermittently employed under the Civil Service Retirement System ("CSRS") from November 14, 1969 to August 7, 1981. While he was so employed, the government withheld his retirement contributions. Watkins received a refund of his CSRS retirement contributions when he left federal service.

On January 25, 1984, Watkins was employed in a federal career appointment and became automatically subject to the Federal Employees Retirement System ("FERS") on January 1, 1987. On August 17, 1990, Watkins received a FERS disability retirement and separated from federal service. OPM is the agency responsible for the administration of all claims, directly or indirectly related, "for basic benefits arising under FERS . . . ." 5 U.S.C. § 841.105 (2005).

For reasons that do not appear in the record, in 1992, OPM questioned Watkins's mental competence and requested that he submit evidence to prove that he was competent to manage his FERS annuity payments. After reviewing evidence submitted by Watkins, OPM informed him that there was no basis to find that he was incapable of handling his financial affairs.

OPM notified Watkins, by letter dated January 26, 1993, that he could deposit $550.00 to cover and receive credit for his prior federal employment between November 14, 1969 and August 7, 1981, including the CSRS retirement contributions he previously received. The credit would increase the amount of Watkins's basic FERS annuity. The letter informed Watkins that the deposit must be made within 30 days of his first regular annuity payment. Watkins failed to deposit the money. The first regular annuity payment sent to Watkins was dated March 1, 1993.

05-3244                              2

Approximately 10 years later, Watkins contacted OPM to request another opportunity to deposit the $550.00. He claimed that mental incompetence prevented him from appreciating the importance of the deposit when OPM notified him of the opportunity. On September 11, 2002, in an initial decision, OPM denied Watkins's request to make the untimely deposit. Watkins requested reconsideration of the initial decision. On October 14, 2003, OPM affirmed in a final decision.

Watkins appealed OPM's decision to the Merit Systems Protection Board ("Board"). On December 10, 2003, a Board administrative judge ("AJ") affirmed OPM's final decision because Watkins did not prove that he was mentally incompetent when he received OPM's letter in 1993. The AJ also determined that mental incompetence was not a basis to waive a regulatory deadline. Watkins petitioned for review of the AJ's initial decision. On May 3, 2003, the Board issued a final order affirming the AJ's initial decision.

Watkins timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II

This court must affirm the decision of the Board unless the decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363, 1366 (Fed. Cir. 2005).

Watkins argues that the Board erred in affirming OPM's decision to deny him the opportunity to increase his FERS annuity. Specifically, Watkins contends that the Board applied the wrong law and incorrectly found that he did not prove his mental incompetence when he received OPM's letter in 1993.

The pertinent regulation, 5 C.F.R. § 842.305(a), states in part:

> An employee . . . subject to FERS and a former employee . . . who is entitled to an annuity may make a deposit for civilian service . . . . A deposit for civilian service cannot be made later than 30 days after the first regular monthly payment . . . .

5 C.F.R. § 842.305(a). Watkins seeks to deposit $550.00 in order to increase his basic annuity payment. Pursuant to section 842.305(a), Watkins could have deposited the money within 30 days of March 1, 1993, the date of the first regular monthly payment. See 5 C.F.R. § 842.305(a).

The Board has held that there are only three reasons for waiving a statutory or regulatory deadline. See, e.g., Zimmerman v. Office of Pers. Mgmt., 80 M.S.P.R. 512, 515 (1999). Such a deadline may be waived where: (1) the statute or regulation specifies the circumstances to waive the deadline; (2) the agency has engaged in affirmative misconduct; or (3) the agency failed to provide notice of election rights and filing deadlines as required by the statute or regulation. Id. Watkins seeks another opportunity to deposit the money in order to increase the amount of his basic annuity payments. He claims that he was mentally incompetent at the time he received OPM's letter, by letter dated January 26, 1993. He alleges that his mental incompetence prevented him from understanding the importance of the letter and the deposit. Essentially, Watkins seeks a waiver of the regulatory deadline.

Evaluating the three waiver factors as applied to Watkins's circumstances, we find that section 842.305 does not specify circumstances under which the deadline to deposit money for civilian service can be waived. See 5 C.F.R. § 842.305. Accordingly, mental incompetence is not a basis to waive the deadline pursuant to section 842.305. Furthermore, Watkins does not allege any affirmative misconduct by OPM and OPM properly notified Watkins of the 30-day requirement to deposit the money. Therefore, we agree with the Board that there is no basis to waive the regulatory deadline. Consequently, we need not and do not reach the issue of whether Watkins was mentally incompetent when he received OPM's notice to deposit money in 1993.

IV

The Board properly applied 5 C.F.R. § 842.305 in dismissing Watkins's application as untimely. Furthermore, the Board properly determined that mental incompetence was not a basis to waive the deadline under 5 C.F.R. § 842.305.

Because we agree with the Board that Watkins failed to prove a basis to waive the 30-day regulatory deadline, we affirm the decision of the Board.